**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JEREMY SCHNEIDER, | ) | CASE NO. 3:24-CV-01466 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT CSX** |
| CSX TRANSPORTATION, INC., | ) | **TRANSPORTATION, INC.'S ANSWER** |
| | ) | **AND AFFIRMATIVE DEFENSES TO** |
| Defendant, | ) | **PLAINTIFF'S COMPLAINT** |

Defendant CSX Transportation, Inc. ("CSX" or "Defendant"), for its answer and affirmative defenses to the Complaint filed by Plaintiff Jeremy Schneider ("Plaintiff" or "Schneider"), avers and states as follows:

1. Defendant denies the allegations of paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff was and is employed by CSX as a locomotive engineer. Except as specifically admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 2 of the Complaint and therefore denies said allegations.

3. Defendant states the allegations of paragraph 3 of the Complaint constitute legal conclusions to which no answer is required.

4. Defendant admits most of the allegations of paragraph 4 of the Complaint. Further answering, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that CSX "does a substantial amount of business in the jurisdiction of this Court."

5. Defendant states the allegations of paragraph 5 of the Complaint constitute legal conclusions to which no answer is required.

6.       Defendant states the allegations of paragraph 6 of the Complaint constitute a legal conclusion to which no answer is required.

7.       Defendant states the allegations of paragraph 7 of the Complaint constitute a legal conclusion to which no answer is required.

8.       Defendant states the allegations of paragraph 8 of the Complaint constitute a legal conclusion to which no answer is required. To the extent that an answer is deemed to be required, Defendant admits that Plaintiff was employed by and worked for CSX, but denies the remaining allegations of paragraph 8 of the Complaint.

9.       Defendant admits that Plaintiff dual-filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against CSX. Defendant denies that any such discrimination or other unlawful conduct occurred relative to Plaintiff.

10.      Defendant admits that the OCRC issued a letter of determination finding probable cause on May 4, 2023 and issued a dismissal and notice of right to sue on March 27, 2024. Further answering, CSX denies that the OCRC's probable cause determination was correct because no unlawful discriminatory practice occurred.

11.      Defendant admits the allegations of paragraph 11 of the Complaint.

12.      Defendant states the allegation of paragraph 12 of the Complaint constitutes a legal conclusion to which no answer is required.

13.      Defendant admits the allegations of paragraph 13 of the Complaint.

14.      Defendant admits that in early December 2021, Plaintiff's wife reported to CSX that Plaintiff had suffered a stroke and that Plaintiff was unable to work because of his medical

situation. Except as specifically admitted herein, Defendant denies the remaining allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant admits that CSX's medical department reviewed certain treatment records and other medical records that Plaintiff provided and, based on its assessment of those records and other pertinent information, CSX determined that Plaintiff should not be released to return to work as a locomotive engineer in February 2022. Except as specifically admitted herein, Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff provided certain treatment records and other medical records to CSX. Further answering, CSX lacks sufficient knowledge or information to form a belief as to whether the truth or falsity of the remaining allegations of paragraph 17 of the Complaint and therefore denies said allegations.

18. Defendant admits that CSX sent a letter to Plaintiff dated March 8, 2022 and that such letter speaks for itself.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint and therefore denies said allegations.

21. Defendant denies that it refused to accept any medical information offered or provided by Plaintiff but admits that CSX did not release Plaintiff to return to work as a locomotive engineer until on or about November 22, 2022.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 22 of the Complaint and therefore denies said allegations.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint and therefore denies said allegations.

24. Defendant states that the allegations of paragraph 24 of the Complaint constitute a legal conclusion to which no answer is required. To the extent that an answer is deemed to be required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint and therefore denies said allegations.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

## FIRST ALLEGED CLAIM (ADA)

30. Defendant restates its answers to paragraphs 1 through 29 of the Complaint and incorporate said answers as if fully rewritten herein.

31. Defendant admits that in late 2021, Plaintiff suffered an acute stroke and thereafter took a medical leave of absence from his job as a locomotive engineer. Except as specifically admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 31 of the Complaint and therefore denies said allegations.

32. Defendant states the allegations of paragraph 32 of the Complaint constitute a conclusion of law to which no answer is required. To the extent an answer is deemed to be

required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 32 of the Complaint and therefore denies said allegations.

33. Defendant admits that one of Plaintiff's medical providers indicated that Plaintiff could return to work on or around February 21, 2022, but denies that Plaintiff's personal medical providers had authority to "clear" Plaintiff to return to work at CSX as a locomotive engineer.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

## **SECOND ALLEGED CLAIM (O.R.C. § 4112 *ET SEQ.*)**

40. Defendant restates its answers to paragraphs 1 through 39 of the Complaint and incorporates those answers as if fully rewritten herein.

41. Defendant states the allegations of paragraph 41 of the Complaint constitute a legal conclusion to which no answer is required.

42. Defendant states the allegations of paragraph 42 of the Complaint constitutes purported statutory language that speaks for itself.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies that Plaintiff is entitled to any of the remedies set forth in the "Prayer for Relief" at the end of the Complaint.

51. Defendant denies each and every allegation set forth in the Complaint that is not explicitly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

By asserting the following affirmative defenses, CSX does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. CSX reserves the right to assert additional affirmative or other defenses as they may become known during the pendency of this lawsuit through discovery or otherwise.

1. The Complaint fails to state a claim upon which relief may be granted.

2. The claims in the Complaint are barred because Plaintiff has not experienced any adverse employment action at CSX and remains employed by CSX.

3. The Complaint is barred to the extent any claim therein was filed beyond the applicable statute of limitations.

4. Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel, unclean hands, accord and satisfaction, contributory or comparative fault or negligence, wrongdoing, laches and/or waiver.

5. Plaintiff cannot state an actionable case of disability discrimination under either the Americans with Disabilities Act ("ADA") or Ohio Revised Code §§4112.02 *et seq*. because CSX has not discriminated against Plaintiff on any basis prohibited by those laws.

6. Plaintiff's claims are barred, in whole or in part, because CSX at all relevant times had in effect policies and procedures to prevent and address internal claims of discriminatory treatment, including on the basis of disability.

7. The Complaint is barred because any and all decisions and actions by CSX relative to Plaintiff's employment were based on legitimate, nondiscriminatory and lawful business reasons having nothing to do with any alleged perception by CSX that Plaintiff was disabled.

8. Plaintiff's claims are barred because CSX was not the proximate cause of any injuries suffered by Plaintiff.

9. The Complaint is barred, in whole or in part, because CSX acted at all applicable times lawfully and reasonably, made good faith efforts to comply with all applicable laws, and reasonably believed that all of its decisions and actions relative to Plaintiff were in compliance with all applicable laws.

10. Plaintiff's claims are barred because Plaintiff was neither disabled nor regarded as disabled by anyone at CSX.

11. Plaintiff's claims are barred because CSX did not engage in any unlawful discrimination or any other unlawful conduct relative to Plaintiff.

12. Plaintiff's claims of disability discrimination are barred because Plaintiff, in his capacity as a locomotive engineer, posed a threat to the health or safety of himself and/or others that could not be eliminated by reasonable accommodations.

13. Plaintiff's claims of disability discrimination are barred because Plaintiff cannot establish that he is a qualified person with a disability under either the ADA or Ohio Revised Code Chapter 4112.02 *et seq*.

14. The Complaint is barred to the extent that Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. §151, *et seq*. and/or the provisions of the collective bargaining agreement between CSX and Plaintiff's labor union.

15. Plaintiff has not suffered any legally cognizable damage or monetary loss.

16. Plaintiff's alleged monetary losses, if any, must be reduced by the income and/or compensation he received or should have received from the Railroad Retirement Board and/or any other sources during his time out of work.

17. There is no factual or legal basis for an award of compensatory or punitive damages, lost wages and benefits of employment or any other legal remedy for Plaintiff against CSX.

18. Plaintiff's recovery of compensatory and/or punitive damages cannot, in any event, exceed the maximum amounts set forth in the applicable federal and state statutes.

19. Any remedies to which Plaintiff claims he is entitled must be in accordance with the applicable collective bargaining agreement and/or the Railway Labor Act.

20. To the extent Plaintiff relies on allegations that were not raised in his charge of discrimination filed with the OCRC and the EEOC, they are barred for failure to exhaust administrative remedies.

21. Plaintiff's claims for a monetary remedy are barred in whole or in part due to Plaintiff's failure to mitigate his claimed damages, if any, and/or his failure to exercise reasonable diligence to mitigate such damages.

22. The Complaint and any requested remedies are barred because CSX did not at any time engage in any unlawful, willful, reckless or wrongful conduct toward Plaintiff or with intent to harm Plaintiff or with knowledge or belief that harm was substantially certain to occur.

23. CSX is entitled to setoffs with respect to Plaintiff's claims for monetary relief.

24. Respondent reserves the right to assert additional defenses as they become known through the course of discovery or otherwise.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, that Defendant be awarded its costs and attorneys' fees incurred in defending against this lawsuit, and for such other and further relief as this honorable Court deems just and appropriate.

Respectfully submitted,

**JACKSON LEWIS P.C**.

*/s/ Jeffrey B. Keiper*
Jeffrey B. Keiper (0063133)
Jacob Kinder (0101475)
6100 Oak Tree Blvd, Suite 400
Cleveland, OH 44131
(216) 750-0404 / Fax (216) 750-0826
Jeffrey.Keiper@jacksonlewis.com
Jacob.Kinder@jacksonlewis.com

*Attorneys for Defendant,*
*CSX Transportation, Inc.*

4894-0298-9800, v. 1